JOSEPH SKLAR et al., as Executors of FRANK SKLAR, Deceased, et al., Respondents, v. WILLIAM MERYASH et al., Appellants, et al., Defendant.— In an action to recover damages sustained by reason of fraudulent representations inducing settlement of an action, the appeal is from an order denying the motions to dismiss the amended complaint as insufficient pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice. Order affirmed, with $10 costs and disbursements. No opinion. MacCrate, Beldock and Murphy, JJ., concur; Nolan, P. J., dissents and votes to reverse the order and to grant the motions, with the following memorandum: The amended complaint does not comply with the provisions of section 241 of the Civil Practice Act, and it is consequently difficult to determine whether plaintiffs intend thereby to plead one or several causes of action. If it is intended to plead a cause of action for damages for fraud and deceit, said complaint is insufficient. It is alleged that Frank Sklar, deceased, and the plaintiff, Morris Sklar, sold a business, and that thereafter the defendants conspired to set aside the sale and caused an action to be instituted seeking that relief. It is further alleged that defendants fraudulently misrepresented to the sellers that in making the sale they (the sellers) had made false representations as to certain specified matters and threatened, unless the action should be settled, to see to it that the sellers "would lose all their money and property besides the cancellation of the aforesaid sale." It is then alleged that the sellers, not knowing whether they had or had not told the truth or intended to defraud the purchasers on the occasion of the sale, and believing the representations made by defendants to be true, relied on such representations and paid the defendants $15,000 in settlement of the action. If it be conceded that these allegations, incredible as they may seem, must be deemed admitted, on a motion to dismiss for insufficiency, they are nevertheless insufficient to justify a recovery. No facts are pleaded which indicate why, if there was any reason therefor, the decedent and plaintiff Morris Sklar did not know whether or not they had made false statements on the sale of their business, or why they were induced to act on the alleged false representations, or believed

them to be true. One to whom false representations are made may not complain that he was induced to act on them, if the facts represented are not as to matters peculiarly within the knowledge of the party making the representations, if he has the means of knowing, by the exercise of ordinary intelligence, the truth or falsity of the subject of the representations. (*Sylvester* v. *Bernstein*, 283 App. Div. 333, 336; *Schumaker* v. *Mather*, 133 N. Y. 590.) Although the stated rule has been limited in its application, it would appear to apply to the facts alleged in this complaint and to preclude recovery, at least in the absence of allegations of fact sufficient to justify reliance on or belief in statements made by defendants, which decedent and plaintiff Morris Sklar should have known to be false, if such was the fact. The facts alleged in the amended complaint are insufficient to state any other cause of action. Adel, J., concurs with Nolan, P. J.